**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ANDREW MORRIS, individually and on behalf of all others similarly situated, | : | CIVIL ACTION |
| Plaintiffs, | | |
| vs | : | CASE NO. |
| COMPUTER CREDIT, INC. | | |
| Defendant. | : | JURY TRIAL DEMANDED |

**COMPLAINT**

**PRELIMINARY STATEMENT**

This action is instituted in accordance with and to remedy Defendant's violations of the Federal Fair Debt Collections Practices Act, 15 U.S.C. Sections 1692 et seq. (hereinafter "FDCPA").  Plaintiff brings this action both individually on his own behalf and as a class action on behalf of all other persons similarly situated, to recover damages for himself and to enjoin Defendant's unlawful conduct as it affects all other consumers residing within the United States.

The Fair Debt Collection Practices Act 15 U.S.C.S. § 1692 et seq., regulates and restricts the acquisition of information about debtors. 15 U.S.C.S. §§ 1692b, 1692c. It further prohibits conduct whose natural consequence is to harass, oppress, or abuse any person in connection with the collection of a debt. 15 U.S.C.S. § 1692d. And it bars the use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, 15 U.S.C.S. § 1692e, while proscribing unfair or unconscionable means to collect or attempt to collect any debt. 15 U.S.C.S. § 1692f.

Defendant violates the FDCPA if they fail to convey information required by FDCPA; even if Defendant conveys required information, they nonetheless violate FDCPA when they convey that information in confusing or contradictory fashion so as to cloud the required message with uncertainty.

This action seeks redress for the illegal practices of Defendant, concerning the collection of debt, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et. seq. ("FDCPA").

Defendant's mistreatment of Plaintiff was in fact indiscriminate, occurring in the regular course of their debt collection business whereby Plaintiff was treated in the same general manner as it treats other consumers who are the objects of its collection efforts.

Plaintiff therefore seeks hereby to recover actual, statutory, treble, and punitive damages on behalf of himself individually, as well as declaratory and equitable relief on behalf of the class which he seeks to represent, together with reasonable attorneys' fees and costs.

## JURISDICTION

1. Jurisdiction of this Court attains pursuant to the FDCPA, 15 U.S.C. § 1692k(d), and the doctrine of pendent jurisdiction.

## PARTIES

2. Plaintiff, Andrew Morris ("Plaintiff") is a natural person who resides in Forest City, Pennsylvania, and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

3. Defendant, Computer Credit, Inc. is believed to be a Corporation the principal purpose of whose business is the collection of debts, operating a debt collection agency from its principal place of business at 640 West Fourth Street, Winston-Salem, NC 27113, regularly

collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

4. Defendant is attempting to collect an alleged consumer debt from Plaintiff, namely a medical bill owed to Community Medical Center ("CMC").

5. CMC sent Plaintiff and invoice on or about July 10, 2009. See a copy of the invoice appended hereto and marked "**EXHIBIT A**".

6. Subsequently, Defendant sent Plaintiff a collection notice on or about August 17, 2009. See a copy of the collection notice appended hereto and marked "**EXHIBIT B**".

7. "**EXHIBIT B**" purported to be Defendant's FINAL NOTICE.

8. Plaintiff had never received a notice from Defendant prior to "**EXHIBIT B**".

9. Plaintiff contacted CMC on several occasions thereafter, including but not limited to September 21, 2009, to dispute the alleged debt because it should have been covered by Plaintiff's medical insurance provider, Blue Cross.

10. During the conversation that took place on September 21, 2009 with CMC's agent, Lisa, Plaintiff ascertained that the account had not been turned over to Defendant until July 31, 2009.

11. Defendant's written communication with Plaintiff failed to include the Validation Rights Notice as per the FDCPA.

12. In fact; Defendant has never provided Plaintiff with the Validation Rights Notice at any time thereafter.

13. Additionally, Defendant's first communication with Plaintiff deceptively created a sense of urgency that did not exist by indicating it was Defendant's final demand.

14. Defendant's notice in connection with the collection of an alleged debt was blatantly false, deceptive and abusive to the Plaintiff and attempted to circumvent Plaintiff's right to verification of the same while attempting to coerce Plaintiff to pay the alleged debt immediately.

15. "**EXHIBIT B**" is indicative of the normal course of Defendant's debt collection activity.

16. As a result of the foregoing harassing acts of Defendant, and in order to punish them for outrageous and unlawful conduct as well as to deter it from committing similar acts in the future as part of its debt collection efforts, Plaintiff is entitled to recover punitive damages in an amount to be proven at trial.

## CLASS ACTION

17. This action is maintained as a class action on behalf of the following described class: all consumers residing in the United States who, commencing one year before the date of filing of this *Complaint*, have been or will be the objects of Defendant's unlawful debt collection efforts.

18. This action is appropriately maintained as a class action as the class is so numerous that joinder of all members is impracticable, there are questions of law or fact common to the class, the claims of the representative party are typical of the claims of the class, and the representative party will fairly and adequately protect the interests of the class; in addition, Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

19. Unless Defendant is enjoined and restrained from continuing the foregoing illegal practices, Plaintiff and the class whom he represents will suffer substantial and irreparable injury for which they have no adequate remedy at law.

## CAUSES OF ACTION

*COUNT I*
*VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT*
PLAINTIFF V. DEFENDANT

20. The foregoing paragraphs 1 through 18 are incorporated herein as if more fully set forth hereafter.

21. The foregoing acts and omissions of Defendant constitute violations of the FDCPA, including, but not limited to:

   a. §1692d - using conduct the natural consequence of which is to harass or abuse the Plaintiff;

   b. §1692e - providing false, deceptive and misleading representations in a written communication;

   c. §1692e(2) - falsely representing the character, amount or legal status of the alleged debts;

   d. §1692e(10) using any false representation or deceptive means to collect an the alleged debts;

   e. §1692f - using unfair and unconscionable means to collect a debt;

   f. §1692f(1) - attempting to collect any amount not authorized by the agreement creating the alleged debt;

   g. §1692g - failing to send the required Validation Rights Notice;

   h. §1692g(b) - failing to cease collection efforts until the alleged debt is validated.

22.     Plaintiff is entitled to recover actual damages, statutory damages, reasonable attorney's fees, and costs.

## JURY DEMAND

Plaintiff hereby demands trial by jury on all issues so triable.

**WHEREFORE**, Plaintiff prays that this Honorable Court grant the following relief:

1. Enter an order certifying this action as a class action.

2. Enter injunctive and corresponding declaratory relief establishing the foregoing conduct of Defendant to be unlawful, enjoining Defendant from continuing to engage in said conduct, and granting such additional equitable relief as may be appropriate, including ordering Defendant to disgorge itself of all ill-gotten and illegal sums which it has collected as a result of its unlawful conduct.

3. Award actual damages.

4. Award punitive damages.

5. Award statutory damages.

6. Award treble damages.

7. Award reasonable attorney's fees.

8. Award costs.

9. Grant such other and further relief as it deems just and proper.

        **Respectfully submitted,**

        **WARREN & VULLINGS, LLP**

**Date: September 28, 2009**    **BY:** */s/ Brent F. Vullings*
        Brent F. Vullings, Esquire
        Warren & Vullings, LLP
        1603 Rhawn Street
        Philadelphia, PA  19111
        215-745-9800   Fax 215-745-7880
        Attorney for Plaintiff