IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW MORRIS, individually and on behalf of all others similarly situated,<br>**Plaintiff**<br><br>v.<br><br>COMPUTER CREDIT, INC.,<br>**Defendant** | No. 3:09cv1885<br><br>(Judge Munley) |

## MEMORANDUM

Before the court for disposition is Plaintiff Andrew Morris's motion for class certification. The motion has been fully briefed, and argument has been held. The matter is thus ripe for disposition.

**Background**

Plaintiff instituted the instant action against the Defendant for a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). Defendant is in the business of debt collecting, specializing in healthcare collections. Plaintiff seeks to bring the action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. (See generally Doc. 1, Complaint).

The FDCPA provides that within five (5) days of an initial communication with a debtor, a debt collector has to provide certain "validation of debts" information including such information as the amount of the debt and the identity of the original creditor. 15 U.S.C. § 1692(g). The law also prohibits false or misleading representations. 15 U.S.C. § 1692(e).

Plaintiff asserts that defendant's communications violated these sections of the FDCPA in that a "final" letter was sent before a "validation" letter.

Plaintiff seeks to proceed with a class action, with himself as the class representative.  The class he seeks to represent is as follows: persons in the United States to whom one or more collection letters were sent by defendant which state that the correspondence would serve as the final and last attempt, without sending a required validation notice in an attempt to collect a debt incurred primarily for personal, family, or household purposes sent on or after one year prior to the filing of plaintiff's complaint.

Before proceeding as a class action, the plaintiff must move the court to determine if the case can be maintained, or "certified" as a class action. L.R. 23.3, FED. R. CIV. PRO. 23(c)(1)(A)

**Discussion**

Class actions are covered by Rule 23 of the Federal Rules of Civil Procedure, which provides:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if
> (1) the class is so numerous that joinder of all members is impracticable,
> (2) there are questions of law or fact common to the class,
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and
> (4) the representative parties will fairly and adequately protect the interests of the class.

FED. R. CIV. P. 23(a).

The plaintiff must establish these four prerequisites.  Johnston v. HBO Film Mgmt., Inc., 265 F.3d 178, 183 (3d Cir. 2001).  A class may be certified only if the court is " 'satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied.' "  Beck v. Maximus, Inc., 457 F.3d 291, 297 (3d Cir. 2006) (quoting Gen. Tel. Co. Sw. v. Falcon, 457

U.S. 147, 161 (1982)).  In addition to establishing the prerequisites under Rule 23(a), a plaintiff who seeks to proceed as a class representative must also establish that the case is maintainable as a class action under one of the three subsections to Rule 23(b).

In the instant case, we need not address the substance of whether plaintiff has met these requirements because the plaintiff's motion will be denied as untimely.  Under Local Rule 23.3, a plaintiff seeking to proceed with a class action must file a motion to certify the class within ninety (90) days of filing the complaint.  L.R. 23.3.  The deadline for filing a motion to certify a class may only be extended upon motion and for good cause shown.  Id.

Plaintiff filed the instant case on September 30, 2009.  The motion for class certification was due ninety (90) days later, or December 30, 2009.  The plaintiff did not file the motion for class certification until February 9, 2010.  (Doc. 11).  Plaintiff's brief in support of the motion provides no good cause reason for allowing the late motion.  Plaintiff also failed to identify good cause for an extension during the argument on the motion.   The motion will thus be denied as untimely.  An appropriate order follows.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANDREW MORRIS, individually and on behalf of all others similarly situated,** : **Plaintiff** | : No. 3:09cv1885 <br> : <br> : (Judge Munley) |
| **v.** | : |
| **COMPUTER CREDIT, INC.,** : **Defendant** | : |

## **ORDER**

    **AND NOW**, to wit, this 10th day of September 2010, the plaintiff's motion for class certification (Doc. 11) is hereby **DENIED**.

                               **BY THE COURT:**

                               **s/ James M. Munley**
                               **JUDGE JAMES M. MUNLEY**
                               **United States District Court**